IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA L. TRIMM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2455-K |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Sandra L. Trimm seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision should be affirmed.

I.

Plaintiff alleges that she is disabled due to a variety of physical ailments, including a back injury, bladder problems, headaches, and Hepatitis C. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 13, 2003. At the time of the hearing, plaintiff was 48 years old. She has a sixth-grade education and past work experience as an aide in a group home, a cleaner, and a fast food restaurant worker. Plaintiff has not engaged in substantial gainful activity since June 29, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff has a history of

lumbar fusion with subsequent complaints of back pain, urinary track problems, Hepatitis C, and borderline intellectual functioning with depressive symptoms, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a sorter/inspector, a simple hand assembler, and a packager--jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

II.

Plaintiff challenges the hearing decision on two grounds: (1) the assessment of her residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence; and (2) the finding that she can perform other work in the national economy was based on an improper hypothetical question to the vocation expert.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire

record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ improperly rejected the opinion of her treating physician and relied on the testimony of a non-examining medical expert in determining that she had the residual functional capacity to perform "simple work not requiring interaction with the general public."

1.

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2);

*Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

>   (1)   the physician's length of treatment of the claimant;
>
>   (2)   the physician's frequency of examination;
>
>   (3)   the nature and extent of the treatment relationship;
>
>   (4)   the support of the physician's opinion afforded by the medical evidence of record;
>
>   (5)   the consistency of the opinion with the record as a whole; and
>
>   (6)   the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

In his mental functional capacity assessment dated January 6, 2003, Dr. Srinivas Reddy noted that plaintiff's borderline intellectual functioning, anger outbursts, and physical aggression either seriously limited or precluded her ability to: (1) follow work rules, (2) use judgment, (3) maintain attention and concentration, (4) relate to coworkers, (5) deal with the public, (6) interact with

supervisors, (7) deal with work stress, (8) understand, remember, and carry out job instructions, (9) behave in an emotionally stable manner, and (10) relate predictably in social situations. (Tr. at 353-54). In fact, the only categories in which plaintiff was not impaired were functioning independently and demonstrating reliability. (*Id.*). The ALJ rejected the bulk of this opinion, finding that plaintiff had only "moderate difficulty" in maintaining social functioning and "mild difficulty" in maintaining concentration, persistence, or pace, when limited to simple tasks. (*See id.* at 16). In a thorough and well-reasoned decision, the judge explained why he rejected Dr. Reddy's mental functional capacity assessment:

> I note that S. Reddy, M.D., a treating psychiatrist, completed a mental functional capacities assessment a week before the claimant's disability hearing, in January, 2003, submitted by the attorney of record, proposing limitations which would preclude full time work activity . . . In this case, the record provides no evidence of examination or mental status assessment by Dr. Reddy in January, 2003, nor any record of contact since May, 2002. MHMR treatment records document improvement, with good response to medication, and provide no evidence of recurrent or worsening symptoms . . . I find Dr. Reddy's assessment of debilitating mental symptoms which render the claimant unable to drive, deal with traffic, or deal with crowds, refuted by the level of driving she actually performs, on a daily basis, as the primary driver in her family. Tellingly, Dr. Reddy's assessment of multiple heath issues appears, also, to reflect the subjective allegations of the claimant, inasmuch as the medical record documents, and the medical expert testified, that such limitations are not corroborated in the medical record. Thus, inasmuch as Dr. Reddy's eve-of-the-hearing proposal of disability is not supported by the remainder of the evidence of record, including the objective findings and clinical signs in his own records of treatment, such opinion is not adopted.

(*Id.* at 17) (internal citations omitted). This explanation constitutes "good cause" for giving the treating source opinion limited or no credence.[1] Although the ALJ did not make a specific finding

---

[1] The court questions whether Dr. Reddy, who examined plaintiff only three times between March and May 2002, even qualifies as a "treating physician." *See, e.g Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) (doctor who examined claimant only twice in seven years was not "treating physician"); *Smith-Levering v. Barnhart*, No. 02-1301-KAJ, 2004 WL 2211963 at *5 (D. Del. Sep 27, 2004) (questioning whether two doctors who examined claimant

as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), his narrative indicates that each factor was considered. (*Id*). The regulations require only that the hearing officer "apply" the section 1527(d)(2) factors and articulate good reasons for the weight assigned to the treating source opinion. 20 C.F.R. § 404.1527(d)(2). The judge need not recite each factor as a litany in every case. *See Alejandro v. Barnhart*, 291 F.Supp.2d 497, 507 (S.D. Tex. 2003). No error occurred in this regard. *Spellman*, 1 F.3d at 365.[2]

2.

Having good reason to reject the opinion of plaintiff's treating physician, the ALJ gave controlling weight to the opinion of Dr. Ann Turbeville, a non-examining medical expert. Dr. Turbeville testified that plaintiff has the ability to perform "fairly simple work" that required only limited contact with the general public. (Tr. at 61). The ALJ accepted this conclusion and determined that plaintiff was capable of performing "simple jobs not requiring interaction with the general public." (Tr. 33).

An ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1984 (1995). Here, the ALJ credited the medical opinion that was most consistent with the record as a whole. Indeed, other than Dr. Reddy's opinion, which was rejected for good cause, there is no evidence that plaintiff's borderline intellectual functioning and depressive symptoms were disabling.

---

four times and eight times, respectively, during two-year period were "treating physicians"). *Compare Valdez v. Barnhart,* 62 Fed. Appx. 838, 841, 2003 WL 366751 at *2 (10th Cir. Feb. 20, 2003) (finding that psychologist who treated claimant once every two weeks for over a year was "treating physician"). Nevertheless, because the ALJ assumed Dr. Reddy was a treating physician and applied the relevant factors in determining what weight to give his opinion, this court will do the same on judicial review.

[2] The court rejects plaintiff's argument that the ALJ should have contacted Dr. Reddy to seek a clarification of his opinion. (*See* Plf. MSJ Br. at 12). There was sufficient evidence in the record for the ALJ to determine that plaintiff was not disabled, and there is no reason to believe that new information provided by Dr. Reddy might have led to a different decision. *See Hector v. Barnhart*, 337 F.Supp.2d 905, 926-27 (S.D. Tex. 2004).

To the contrary, the record demonstrates that plaintiff is able to function well in her busy lifestyle. At the administrative hearing, plaintiff testified that she drives her daughter to work and her granddaughter to school, cleans the house, and does the grocery shopping. (*See* Tr. at 51). None of her alleged debilitating mental impairments prevented plaintiff from doing semi-skilled or unskilled work in the past. (*Id.* at 52).[3] Under these circumstances, the ALJ did not err in giving controlling weight to Dr. Turbeville's opinion.

C.

Plaintiff also complains that the ALJ posed an improper hypothetical question to Barbara Dunlap, a vocational expert, that failed to include all limitations associated with her mental impairments. At the hearing, the judge asked Dunlap:

> I want you to assume an individual of the Claimant's age, education, and work experience. Assume the individual is limited to the exertional level of light work. The individual can sit or stand at their option, can not climb, work at heights, nor crawl, kneel, or squat. The individual can occasionally stoop and crouch, can not work with the general public, is limited to *simple work* with no exposure to dust, fumes, chemicals, and in a climate controlled setting. Are there any jobs in the national economy such an individual can perform?

(Tr. at 64-65) (emphasis added). Dunlap responded that such a person could work as a sorter/inspector, simple hand assembler, and packager. (*Id.* at 65). Plaintiff now contends that the phrase "simple work" is vague, undefined, and fails to take into account other aspects of her mental impairment, "such as deficiencies in the ability to use judgment, respond appropriately to others, adapt to changes in the work setting, function independently, demonstrate reliability, or tolerate stress in the workplace." (Plf. MSJ Br. at 15).

---

[3] When asked why she could no longer perform the job of cleaner, plaintiff responded, "Because it required a lot of bending, lifting, stretching, stair climbing, carry [sic] heavy objects. And it just got where I couldn't do it." (Tr. at 52). At no time did plaintiff suggest that limitations associated with any mental impairment prevented her from doing the job.

A hypothetical question to a vocational expert cannot provide substantial evidence supporting a denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ, and (2) the claimant or her representative is afforded the opportunity to correct deficiencies in the question. *See Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). There is no requirement that, in posing a hypothetical, the ALJ use only words that are defined in the regulations or the Dictionary of Occupational Titles. In this case, the hypothetical incorporated all the mental limitations recognized by the ALJ and credibly established by the record. Plaintiff, who was represented by counsel at the administrative hearing, was given a full and fair opportunity to cross-examine the vocational expert. By describing plaintiff as being capable of doing "simple work," the ALJ adequately accounted for her borderline intellectual functioning. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001). Accordingly, there is substantial evidence to support the finding that plaintiff can perform other work in the national economy.

## **RECOMMENDATION**

The hearing decision should be affirmed in all respects.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  November 10, 2005.

                                                                 JEFF KAPLAN
                                                                 UNITED STATES MAGISTRATE JUDGE